UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AMERICAN LASER VISION, P.A., § § Plaintiff, § § V. § § THE LASER VISION INSTITUTE, L.L.C., § § Defendant. § | CIVIL ACTION NO. 3: 04-CV-2016-B ECF |

## MEMORANDUM ORDER

Before the Court is Defendant's Motion to Alter or Amend Judgment (doc. 27), filed July 27, 2005. After review of the pleadings and arguments of the parties, the Court **DENIES** Defendant's Motion.

### I.  BACKGROUND

This case arises from an arbitration between the parties to this suit - Plaintiff American Laser Vision, P.A. ("ALV") and Defendant The Laser Vision Institute, L.L.C. ("LVI"). Pursuant to an arbitration agreement between them, ALV and LVI arbitrated a breach of contract action before James J. Juneau in August 2004.[1] Mr. Juneau issued his opinion on August 19, 2004, awarding ALV over $1.8 million in damages. ALV then sought to have this Court confirm the arbitration, and LVI moved to vacate Mr. Juneau's decision. The Court held a hearing on June 15, 2005, and issued a Memorandum Opinion on June 20, 2005, confirming the arbitrator's award.

---

[1] A description of the facts underlying the arbitration can be found in the Court's June 20, 2005 Memorandum Opinion (doc. 22).

In its Memorandum Opinion, the Court also ordered ALV to submit a proposed judgment within five (5) days. ALV submitted its proposed judgment on June 23, 2005. (doc. 23) After receiving no response or objection from LVI, the Court signed the Judgment on July 15, 2005. The Judgment awarded prejudgment interest at a rate of 5% from October 6, 2003 until the date of the Judgment. (doc. 24) The Judgment then awarded post-judgment interest at a rate of 3.39% pursuant to 28 U.S.C. § 1961 from the date of the Judgment forward. (*Id.*) On July 27, 2005, LVI filed the instant Motion to Alter or Amend Judgment, arguing that the Court had incorrectly awarded post-judgment interest from the date of the Court's Judgment (July 15, 2005) instead of the date of the arbitrator's award (August 19, 2004). The parties have briefed the issues, and the Court now turns to the merits of its decision.

## II. ANALYSIS

Texas law governs the award of prejudgment interest on an arbitrator's award, while federal law governs post-judgment interest in diversity cases. *Boston Old Colony Ins. Co. v. Tiner Assocs.*, 288 F.3d 222, 234 (5th Cir. 2002); *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1329 (5th Cir. 1994). Under Texas law, the arbitrator's decision is generally given the same effect as a judgment. *Kermacy v. First Unitarian Church*, 361 S.W.2d 734, 735 (Tex. App.--Austin 1962, writ ref'd n.r.e.). From this principle, LVI argues that the switch from the prejudgment interest rate to the post-judgment interest rate must occur when the arbitrator renders his decision, instead of when a court issues its judgment. However, LVI was unable to supply the Court with a single case specifically holding that point. *See, e.g., Executone*, 26 F.3d at 1329 (dealing with whether prejudgment interest should be awarded to a prevailing party); *Baker Hughes Oilfield Operations, Inc. v. Hennig Prod. Co.*, 164 S.W.3d 438, 446-47 (Tex. App.--Houston[14th Dist.] 2005, no pet. h.) (addressing whether trial court could

determine date when prejudgment interest would begin to accrue if not determined by arbitrator).

A recent decision by the Fort Worth Court of Appeals casts doubt on LVI's argument that an arbitration decision should be treated as a judgment for purposes of post-judgment interest. In *Blumberg v. Bergh*, the court of appeals struck a trial court's decision to award "postarbitration" interest for the period between the arbitrator's decision and the court's judgment. No. 2-04-138-CV, 2005 WL 1047592, at *6 (Tex. App.--Fort Worth 2005, no pet. h.). In finding such an award inappropriate, the court stated that Texas law only permits post-judgment interest on judgments rendered by *courts* and stated that "[a]rbitrators are not courts". *Id.* Thus, at least one Texas court has rejected the idea that arbitration decisions should be treated as judgments for purposes of post-judgment interest.

The same rationale applies to post-judgment interest under 28 U.S.C. § 1961. Section 1961 permits post-judgment interest only on money judgments in a "civil case recovered in a district court." Thus, because the arbitrator's decision was not the result of a case in district court, the Court would be unable to award post-judgment interest from the date of an arbitrator's decision. As such, the Court finds no statutory support for awarding federal post-judgment interest from the date of the arbitrator's decision in this case.

Because the Court has not found any decisions requiring it to treat the arbitrator's award in this case as a judgment for purposes of awarding post-judgment interest and § 1961 does not permit an award of post-judgment interest from the date of the arbitrator's decision, the Court **DENIES** LVI's Motion to Alter or Amend.

### III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** LVI's Motion to Alter or Amend Judgment, and this Court's original Judgment remains in effect.

**SO ORDERED**.

SIGNED October  18th  , 2005

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE